Guadalupe **VILLARREAL**, Plaintiff,

v.

**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,** et al., Defendants.

Civil Action No. C–10–53.

United States District Court,
S.D. Texas,
Corpus Christi Division.

July 6, 2010.

Ahmad Keshavarz, The Law Offices of Ahmad Keshavarz, Brooklyn, NY, Christina E. Trejo, Texas Rio Grand Legal Aid Inc., Houston, TX, for Plaintiff.

Rick Fancher, Barker Leon et al., Corpus Christi, TX, M.H. Cersonsky, Cersonsky, Rosen & Garcia, P.C., Houston, TX, for Defendants.

### ORDER

JANIS GRAHAM JACK, District Judge.

On this day came on to be considered Defendant JP Morgan Chase's ("Chase") motion to dismiss (D.E. 31). For the reasons set forth below, the Court DENIES Chase's motion to dismiss. (D.E. 31.)

## I. JURISDICTION

This Court has federal question subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs bring suit pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. 1692, et seq.

## II. FACTUAL BACKGROUND

Plaintiff Guadalupe Villarreal alleges as follows in her complaint: Plaintiff is a 73–year–old widow in poor health with an "extremely low" income. (D.E. 1, p. 4.) She claims she was "repeatedly harassed" by Defendant Chase, acting through its agent and attorney, James A. West PC d/b/a The Law Offices of James A. West, PC ("West"). (*Id.*) Specifically, Plaintiff alleges that Chase and West "threatened that they would take her home [and] would get an ex parte court order against her." (*Id.*) Chase later hired debt collector Niagara Credit Solutions, Inc. ("Niagara") to collect the debt from Plaintiff. (*Id.* at 4–5.) According to Plaintiff, Niagara improperly communicated with Plaintiff, failed to provide Plaintiff with the statutorily required notices, and misrepresented the amount of debt owed. (*Id.*)

On February 16, 2010, Plaintiff brought suit against Chase, West and Niagara[1], Plaintiff brings Texas state law claims under the Texas Debt Collection Statute, Tex. Fin. C. § 392.001 et seq. and under the Texas state law tort of unfair debt collection. Plaintiff brings federal law claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. (D.E. 1, p. 6–9.) Although Plaintiff brings her state law claims against Chase, West, and Niagara, she brings her

---

1. Plaintiff also brought suit against the bonding companies, Colonial American Casualty & Surety Company and Travelers Casualty and Surety Company of America. Plaintiff's claims against these bonding companies are not relevant for purposes of addressing Chase's motion to dismiss.

federal law claims against only West and Niagara.

On June 9, 2010, Defendant Chase brought this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim against Chase upon which relief can be granted. (D.E. 31.)

## III.  ANALYSIS

### A.  Motion to dismiss

"To survive a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir.2007.) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss "[w]e must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.,* 497 F.3d 546, 550 (5th Cir.2007) (citing *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005)).

### B.  This Court properly exercised supplemental jurisdiction over Chase

Chase contends that this Court should "decline to exercise jurisdiction over Chase" in this case because Plaintiff asserts no federal claim against Chase. (D.E. 31, p. 2.) The only claims Plaintiff asserts against Chase are the state law claims under the Texas Debt Collection Statute and the state law claim of unfair debt collection. (*Id.*) Chase makes two arguments as to why this Court should dismiss Plaintiff's claims against Chase. Chase first argues that the state law

claims against it "substantially predominat[e] over" the federal law claims in this action. (D.E. 31, p. 5.); *See* 28 U.S.C. § 1367(c)(2) (A district court "may decline to exercise supplemental jurisdiction over claims ... if ... the claim substantially predominates over the claims or claims over which the district court has original jurisdiction.") This argument is without merit.

■  While it is true that Plaintiff "has brought no federal claims against defendant Chase," it is also true that this Court has federal-question jurisdiction over West and Niagara because Plaintiff sued West and Niagara under the federal Fair Debt Collection Practices Act. (D.E. 32, p. 2–3.) This Court has supplemental jurisdiction over claims that "are so related to claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a) ("Except as provided ..., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy....") In this case, Plaintiff's state law claims against Chase, West, and Niagara are closely intertwined with Plaintiff's federal law claims against West and Niagara. According to Plaintiff, Chase hired both West and Niagara in order to collect the debt from Plaintiff. Chase, through West and Niagara "repeatedly harassed" and "threatened" Plaintiff. Plaintiff thus brings her state law claims—under the Texas debt collection statute and Texas tort of unfair debt collection—against not only West and Niagara, but against Chase too. Plaintiff's federal Fair Debt Collection Practices Act claims against West and Niagara are necessarily closely connected with her state law claims against Chase, West, and Niag-

ara because they arise out of the same allegedly harassing behavior. "The actions are sufficiently intertwined so that one does not predominate over the other." *United Disaster Response, LLC v. Omni Pinnacle*, 569 F.Supp.2d 658, 667 (E.D.La. 2008) Accordingly, Defendant's first argument is without merit.

 Chase next argues that because it is "the only creditor included in this lawsuit, the claims against it necessarily raise new issues of fact and questions of law which serve to complicate this lawsuit, increase discovery, increase expense, increase trial time, and serve to confuse the jury." (D.E. 31, p. 5.) Other than its bare assertion that such consequences will occur, Chase provides no explanation as to why this would be the case. In fact, many of the same factual questions at issue in the federal claims are also at issue in the state law claims precisely because, as explained above, Plaintiff's claims all arise out of the same allegedly harassing debt collection activities. "Discovery, evidence, etc. will overlap in both" the state law and the federal law claims. *United Disaster Response, LLC v. Omni Pinnacle*, 569 F.Supp.2d 658, 667 (E.D.La.2008). Splitting this action apart would create redundancies in discovery and increase trial time. In addition to the overlap in the factual background of the state and federal law claims, the Court further notes that there is overlap among the damages a consumer may recover under the state and federal law claims. *See* 15 U.S.C. 1692k(a)(1)-(3) (permitting recovery of actual damages and attorney's fees under the FDCPA) and Tex. Fin. C. § 392.403(a)(2)-(b) (permitting recovery of actual damages and attorney's fees under the Texas debt collection act). Therefore, Defendant's second argument is also without merit. Defendant has thus failed to provide any valid reason why this Court should decline to exercise supplemental jurisdiction over the claims against Chase.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Chase's motion to dismiss. (D.E. 31.)